UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ADEL ABDO, YAZEED AREF
ABDOULMALEK
           Plaintiffs,

- against -

REX TILLERSON, Secretary of U.S.
DEPARTMENT OF STATE, U.S.
DEPARTMENT OF STATE, JOHN P.
DESROCHERU.S. AMBASSADOR,
ALGERIA JAMES McCAMENT, Acting
Director of U.S. CITIZENSHIP AND
IMMIGRATION SERVICES, U.S.
CITIZENSHIP AND IMMIGRATION
SERVICES, CARL C. RISCH, Assistant
Secretary of Bureau of Consular Affairs of
the State Department,

           Defendants.

**ORDER**

17 Civ. 7519 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

On October 2, 2017, Plaintiffs Adel Abdo and Yazeed Aref Abdoulmalek – father

and son, respectively – filed a petition for a writ of mandamus (the "Petition") challenging

Defendants' allegedly unlawful delay in adjudicating Plaintiff Abdoulmalek's visa application to

the United States. (Petition (Dkt. No. 1)) The Petition alleges violations of the Administrative

Procedure Act ("APA"), 5 U.S.C. § 701 et seq., the Declaratory Judgment Act, 28 U.S.C. § 2201

et seq., and the Fifth Amendment against the United States Department of State (the "DOS");

Rex Tillerson, Secretary of the DOS[1]; Carl C. Risch, Assistant Secretary of DOS's Bureau of

Consular Affairs; John P. Desrocher, U.S. Ambassador to Algeria; the United States Citizenship

---

[1] Mike Pompeo is now Secretary of State. Accordingly, he will be substituted for Rex Tillerson.
See Fed. R. Civ. P. 25(d). The Clerk of Court is directed to record this change.

and Immigration Services (the "USCIS"); and James McCament, Acting Director of the USCIS.[2] (Petition (Dkt. No. 1))

Defendants have moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), for lack of subject matter jurisdiction, and pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim. (Mtn. to Dismiss (Dkt. No. 49)) In the alternative, Defendants seek summary judgment. (Id.) For the reasons stated below, Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) will be granted.

## BACKGROUND

Abdo is a United States permanent resident, and Abdoulmalek is a citizen of Yemen. (Petition (Dkt. No. 1) ¶¶ 6-7) Abdoulmalek seeks a visa to enter the United States. (Id. at 1)[3] On behalf of his son, Abdo initiated the visa application process by filing a "Form I-130 Petition for Alien Relative." (Id. ¶ 14) On February 3, 2015, the petition was approved by the USCIS and assigned a case number. (Id. ¶ 15) Abdoulmalek subsequently submitted a "DS-260 Application for Immigrant Visa and Alien Registration." (Id. ¶ 16)

Abdoulmalek's case was assigned to the United States embassy in Yemen and, according to Plaintiffs, the embassy "unreasonably delayed the approval" of his application. (Id. ¶ 17) After war broke out in Yemen and the U.S. embassy was closed, Abdoulmalek's case was transferred to the U.S. embassy in Algeria. (Id. ¶ 18) Abdoulmalek's case was subsequently transferred to the U.S. embassy in Djibouti. (Jan. 11, 2018 Pltf. Ltr. (Dkt. No. 30); Jan. 18, 2018 Def. Ltr. (Dkt. No. 32); Dybdahl Decl. (Dkt. No. 51) ¶ 11)

---

[2] L. Francis Cissna is now Director of the USCIS. Accordingly, he will be substituted for James McCament. See Fed. R. Civ. P. 25(d). The Clerk of Court is directed to record this change.

[3] The page numbers of documents referenced in this Order correspond to the page numbers designated by this District's Electronic Case Filing system.

According to Plaintiffs, Defendants have not adjudicated Abdoulmalek's visa application and have been "unresponsive to Plaintiffs' requests for information and/or updates" concerning his application. (Id. ¶ 23)

On October 2, 2017, Plaintiffs filed a petition for a writ of mandamus, requesting that this Court (1) declare that Defendants' failure to adjudicate Abdoulmalek's visa application is arbitrary and capricious, and violates the APA, the Immigration and Nationality Act, and related regulations; (2) declare that Defendants' failure to adjudicate Abdoulmalek's visa application is a violation of Plaintiff Abdo's substantive and procedural due process rights under the Fifth Amendment; and (3) mandate that Defendants adjudicate Abdoulmalek's visa application within 30 days. (Id. at 10) The Petition states that Plaintiffs seek "a proper and complete adjudication of Plaintiffs' Form I-130, Petition for Alien Relative and Form DS-260, Application for Immigration Visa and Alien Registration." (Id. at 1)

On April 27, 2018, Defendants moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), for lack of subject matter jurisdiction, and pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim. (Mtn. to Dismiss (Dkt. No. 49)) Defendants argue that the request to adjudicate the Form I-130 petition is moot because the Form I-130 petition was approved and assigned a case number. (Def. Br. (Dkt. No. 50) at 14-16) Defendants further contend that the request to adjudicate the DS-260 visa application is not ripe, because Abdoulmalek has not submitted the application materials necessary to adjudicate his application. (Id. at 16-17)

In their moving papers, Defendants state that the U.S. embassy in Djibouti scheduled Abdoulmalek's visa interview for June 3, 2018. (Howard Decl. (Dkt. No. 55) ¶ 3) In a June 27, 2018 letter, Defendants report that Abdoulmalek did not appear for that interview. (June 27, 2018 Def. Ltr. (Dkt. No. 58); see also Dybdahl Decl. (Dkt. No. 58-1) ¶ 3) In an August

31, 2018 letter, Plaintiffs explain that Abdoulmalek did not attend that interview because his visa application required several corrections. (Aug. 31, 2018 Pltf. Ltr. (Dkt. No. 59)) Plaintiffs add that Abdoulmalek has since corrected his visa application, and is waiting for the embassy to schedule another interview. (Id.) On September 12, 2018, Defendants filed a letter stating that Abdoulmalek's interview has been rescheduled for September 19, 2018. (Sept. 12, 2018 Def. Ltr. (Dkt. No. 60))

In a September 20, 2018 letter, Defendants state that Abdoulmalek's visa application has been denied. (Sept. 20, 2018 Def. Ltr. (Dkt. No. 61) at 1; Dybdahl Decl. (Dkt. No. 61-1) ¶ 4 ("The [Consular Consolidated Database] reflects that the consular officer refused [Abdoulmalek's] immigrant visa application in accordance with Presidential Proclamation 9645.")) Defendants go on to argue that Abdoulmalek's visa application has been fully adjudicated, and that accordingly the Petition should be dismissed as moot. (Sept. 20, 2018 Def. Ltr. (Dkt. No. 61) at 2)

On October 2, 2018, this Court ordered Plaintiffs to show cause as to why this case should not be dismissed as moot. (Order (Dkt. No. 62))

In an October 18, 2018 letter, Plaintiffs argue that their claims are not moot because Abdoulmalek's visa application has not been fully adjudicated. According to Plaintiffs, at the conclusion of his interview, Abdoulmalek was told that he was being considered for a waiver under Presidential Proclamation 9645. (Oct. 18, 2018 Pltf. Ltr. (Dkt. No. 63) at 3; Visa Application Ltr. (Dkt. No. 63-1)) Plaintiffs note that Proclamation 9645 refers to waivers as "part of the visa adjudication process" (Oct. 18, 2018 Pltf. Ltr. (Dkt. No. 63) at 3 (citing Presidential Proclamation 9465 § 3(c)(iii))), and point out that the State Department's guidance concerning the Proclamation states that waivers are to be considered before an application is

4

denied (DOS Proclamation Guidance (Dkt. No. 63-3) at 3). Finally, Plaintiffs note that a "Visa

Status Check" on the State Department's website shows that Abdoulmalek's application is still

undergoing "administrative processing." (Visa Status Check (Dkt. No. 63-2))

## DISCUSSION

### I.     LEGAL STANDARDS

#### A.     Rule 12(b)(1)

A claim is "properly dismissed for lack of subject matter jurisdiction under Rule

12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it."

Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). "Under Rule 12(b)(1), even 'a

facially sufficient complaint may be dismissed for lack of subject matter jurisdiction if the

asserted basis for jurisdiction is not sufficient.'" Castillo v. Rice, 581 F. Supp. 2d 468, 471

(S.D.N.Y. 2008) (quoting Frisone v. Pepsico Inc., 369 F. Supp. 2d 464, 469 (S.D.N.Y. 2005))

(citations omitted). "The plaintiff bears the burden of proving subject matter jurisdiction by a

preponderance of the evidence." Aurecchione v. Schoolman Transp. Sys., Inc., 426 F.3d 635,

638 (2d Cir. 2005) (citing Luckett v. Bure, 290 F.3d 493, 497 (2d Cir. 2002)).

#### B.     The Doctrine of Consular Nonreviewability

"[T]he doctrine of consular nonreviewability precludes judicial review of a

consular official's decision to issue or withhold a visa." Li v. Chertoff, No. 06 CIV 13679 LAP,

2007 WL 541974, at *1 (S.D.N.Y. Feb. 16, 2007); see also Hsieh v. Kiley, 569 F.2d 1179, 1181

(2d Cir. 1978) ("[N]o jurisdictional basis exists for review of the action of the American Consul .

. . suspending or denying the issuance of immigration visas . . . ."); Saleh v. Holder, 84 F. Supp.

3d 135, 138 (E.D.N.Y. 2014) ("Federal courts, as a general matter, lack subject matter

jurisdiction over claims arising from the adjudication of visa applications."). The doctrine "is

grounded in Congress'[s] plenary power in the regulation of immigration and admission of aliens into the United States." Castillo, 581 F. Supp. 2d at 475 (citing Kleindienst v. Mandel, 408 U.S. 753, 766 (1972)). "The Second Circuit has expressed doubt as to whether the doctrine rests on a lack of 'subject matter jurisdiction' in a formal sense, and has instead suggested that it may involve a withdrawal of such jurisdiction or even prudential concerns." Gogilashvili v. Holder, No. 11 Civ. 01502 (RRM), 2012 WL 2394820, at *3 (E.D.N.Y. June 25, 2012) (citing Am. Acad. of Religion v. Napolitano, 573 F.3d 115, 123 (2d Cir. 2009)). Whatever the basis for the doctrine, "it is settled that the judiciary will not interfere with the visa-issuing process." Hsieh, 569 F.2d at 1182.

In this Circuit, the doctrine of consular nonreviewability applies not only when "a plaintiff challenges an official's discretionary decision to approve or deny a visa application," but also "where a plaintiff seeks to compel an official to simply adjudicate a visa application." Al Naham v. U.S. Dep't of State, No. 14-CV-9974 (JPO), 2015 WL 3457448 at *3 (S.D.N.Y. June 1, 2015) (citing Hsieh, 569 F.2d at 1181; Li, 2007 WL 541974, at *1; Saleh, 84 F. Supp. 3d at 139; Foad v. Holder, 13-CV-6049, 2015 WL 1540522, at *3 (E.D.N.Y. Apr.7, 2015)); see also Li, 2007 WL 541974, at *1 (rejecting Plaintiff's attempt to "circumvent [the doctrine of consular nonreviewability] by contending that the doctrine does not apply to a request that a visa be adjudicated (as opposed to granted) within a reasonable period of time"); Dong v. Ridge, No. 02 Civ. 7178 (HB), 2005 WL 1994090, at *3 (S.D.N.Y. Aug. 18, 2005) (same). Although "other circuits have recognized [that a] distinction" between challenging a decision and compelling adjudication has "some force[,] . . . [that distinction] is not one that has a basis in Second Circuit law." Al Naham, 2015 WL 3457448 at *3 (citing Patel v. Reno, 134 F.3d 929, 931-32 (9th Cir.

1997) ("[W]hen [a] suit challenges the authority of the consul to take or fail to take an action as opposed to a decision taken within the consul's discretion, jurisdiction exists.")).

"Despite its broad reach, courts have carved out a limited exception to the consular nonreviewability doctrine 'in cases brought by U.S. citizens raising constitutional, rather than statutory, claims.'" Lleshi v. Kerry, 127 F. Supp. 3d 196, 201 (S.D.N.Y. 2015) (quoting Am. Acad. of Religion v. Chertoff, 463 F. Supp. 2d 400, 417 (S.D.N.Y. 2006)). Other than this exception, "the doctrine is . . . treated as nearly absolute." Al Naham, 2015 WL 3457448 at *3.

## II.  ANALYSIS

Here, Plaintiffs seek judicial review of Defendants' delay in adjudicating Abdoulmalek's visa application. Such a claim falls squarely within the doctrine of consular nonreviewability. As discussed above, the doctrine applies with full force where, as here, a plaintiff "seeks to compel an official to simply adjudicate a visa application." Al Naham, 2015 WL 3457448 at *3. Moreover, because neither Abdo nor Abdoulmalek is a United States citizen, the sole exception to the doctrine – which applies where a U.S. citizen has brought a constitutional claim – is not applicable.

Accordingly, this Court lacks subject matter jurisdiction.

## CONCLUSION

For the reasons stated above, Defendants' Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is granted. The Clerk of Court is directed to terminate the motion (Dkt. No. 49) and to close this case.

Dated: New York, New York
　　　February 5, 2019

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge